IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEBSTER BANK, NATIONAL ASSOCIATION, | ) <br> ) <br> ) Case Number: 08 CV 1890 |
| Plaintiff | ) <br> ) |
| v. | ) Hon. Virgina M. Kendall <br> ) |
| LAWRENCE LUCAS, | ) <br> ) |
| Defendant. | ) |

## PLAINTIFF WEBSTER BANK'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Webster Bank, National Association ("Webster"), by and through their attorneys, respectfully moves for summary judgment against defendant Lawrence Lucas ("Lucas"). In support of this motion, Webster submits the accompanying: (1) Local Rule 56.1 Statement of Material Facts as to Which There Is No Genuine Issue; and (2) supporting Affidavits of Damages. Webster also states as follows:

1. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Cintas Corp. v. Perry*, 517 F.3d 459, 465 (7th Cir., 2008), citing Fed. R. Civ. P. 56(c), and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, (1986).

2. To recover for the breach of a contract under Illinois law, a party must establish the following elements: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Zirp-Burnham, LLC v. E. Terrell Assocs.*, 356 Ill. App. 3d 590, 600 (Ill. App. Ct. 1st Dist. 2005).

1

3.  In the instant case, the parties' pleadings establish that there is no genuine issue as to the first three elements required to establish a breach of contract. Webster has alleged and Lucas has admitted (1) the existence of a valid and enforceable contract between Webster and Lucas (Webster's 56.1 Statement, ¶¶ 5-6); (2) performance by Webster (Webster's 56.1 Statement, ¶ 8); and (3) and breach of the contract by Lucas. (Webster's 56.1 Statement, ¶¶ 13-14). In fact, Lucas's Answer admits each and every allegation contained in Webster's First Amended Complaint, except for Paragraph 24, which alleges Webster's injury[1]. (Answer ¶¶ 1-23).

4.  The only matter in this case that Lucas has not admitted in his Answer is the amount of damages to Webster. However, as this case is simply about Lucas's admitted failure to repay an admitted loan under an admitted Note, and the terms of the Note establish the amount of principal and interest owed and the obligation to pay Webster's costs and expenses, there can be no dispute concerning the amount Lucas owes. As a result of Lucas's breach of contract, Webster has suffered damages of $803,967.40, plus interest, fees and costs through the date of judgment. (Webster's 56.1 Statement, ¶ 19).

5.  The undisputed material facts demonstrate that Webster is entitled to summary judgment as a matter of law and in the amount of $803,967.40, plus interest, fees and costs through the date of judgment. (Webster's 56.1 Statement, ¶ 19).

**WHEREFORE**, Plaintiff Webster respectfully requests that this Court enter an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting summary judgment in favor of the Plaintiff and against Defendant on the claim in Plaintiff's Complaint, and ordering Lucas to pay Webster $803,967.40, plus interest, fees and costs through the date of judgment.

---

[1] Lucas neither admits nor denies Paragraph 24. (Answer ¶ 24)

2

Dated: June 13, 2008

Daniel Lynch (Ill. Bar No. 6202499)
Amy J. Hansen (Ill. Bar No. 6292957)
Lynch & Stern LLP
150 S. Wacker Dr., Suite 2600
Chicago, IL  60606
(312) 442-9480 / (312) 896-5883 (fax)

Respectfully submitted,
Webster Bank, National Association,

  s// *Amy J. Hansen* (filed electronically)
By: One of Its Attorneys